Duane M. Swinton, WSBA No. 8354
Michael D. Currin, WSBA No. 14603
Shelley N. Ripley, WSBA No. 28901
Daniel J. Gibbons, WSBA No. 33036
WITHERSPOON KELLEY
422 W. Riverside, Suite 1100
Spokane, WA 99201
Telephone: (509) 624-5265
Facsimile: (509) 458-2717
Email: dms@witherspoonkelley.com
Email: mdc@witherspoonkelley.com
Email: snr@witherspoonkelley.com
Email: djg@witherspoonkelley.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: <br><br> LLS AMERICA, LLC, <br><br> Debtor. | No. 09-06194-PCW11 <br><br> CV-12-664-RMP |
| BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America LLC, <br><br> Plaintiff, <br> v. <br><br> DAVID PERRY and OTHELIA SPARE, <br><br> Defendants. | Adversary No. _____ <br><br> ADVERSARY COMPLAINT FOR AVOIDANCE OF TRANSFERS AND OTHER RELIEF |

ADVERSARY COMPLAINT - 1

S0336288.DOC

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

COMES NOW Plaintiff, BRUCE P. KRIEGMAN, solely in his capacity as the court-appointed Chapter 11 Trustee for LLS America, LLC (hereinafter sometimes "Trustee"), and for causes of action against the above-named Defendants, complains and alleges as follows.

## I. JURISDICTION

1. The Debtor, LLS America LLC, filed a voluntary petition under Chapter 11 of the US Bankruptcy Code (the "Code") on July 21, 2009 in the Bankruptcy Court of the District of Nevada (the "Petition Filing Date"). Venue in this matter was transferred to the Bankruptcy Court for the Eastern District of Washington by order dated November 4, 2009.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) and alternatively under 28 U.S.C. § 157(c). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(H) and (O).

3. The fraudulent and/or preferential transfers described herein include transfers of funds to and from bank accounts located in the United States by the Debtor and related companies conducting business in the United States, and Defendants are subject to the jurisdiction of this Court as a result of the same. Jurisdiction over Defendant David Perry is also based in part upon a proof of claim which such Defendant filed in Debtor's case. By filing said proof of claim,

ADVERSARY COMPLAINT - 2

S0336288.DOC

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

6

the Defendant David Perry, in accordance with applicable law, consented to the Court's jurisdiction.

## II.  DESCRIPTION OF PARTIES

4. Plaintiff, Bruce P. Kriegman, was appointed as trustee for the Debtor (hereinafter "LLS America") by order of the Court entered on April 21, 2011. He files this action solely in his capacity as trustee.

5. Defendants are transferees of fraudulent and/or preferential transfers made by LLS America and/or companies related thereto (the "LLS America Companies" as hereinafter defined). The Defendants, as described in more detail below, were so-called "lenders" to LLS America or the LLS America Companies.

## III.  FACTS RELATING TO OPERATION OF LLS AMERICA

6. LLS America was controlled, at all times relevant hereto, by Doris Nelson ("Nelson"), who was the sole member of LLS America. Nelson also established other companies (the LLS America Companies identified below) that she purportedly used, in addition to LLS America, for operation of a business to make loans under a principal amount of about $1,000.00 to individual customers (hereinafter the "Customer Loans"). Nelson managed the LLS America Companies, some of which date as far back as about 1999, in a manner such that they and, later LLS America, were operated as a single business enterprise. She

ADVERSARY COMPLAINT - 3

S0336288.DOC

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

indiscriminately used the funds and resources of the companies interchangeably to suit varying purposes. Many of the companies for the most part were later rolled into LLS America and LLS America is effectively the successor in interest thereof.

7.   LLS America began providing Customer Loans on the internet in approximately 2006.

8.   The entities referenced herein as "LLS America Companies" include Little Loan Shoppe Canada LLC (originally named LLS Ltd.), Little Loan Shoppe America LLC, Little Loan Shoppe Ltd., 360 Northwest Networks LLC, LLS America LLC, LLS Canada LLC, Team Spirit America LLC ("TSA"), 0738126 BC Ltd., 0738116 BC Ltd., 0738106 BC Ltd., D&D Associates LLC ("D&D"), and D&C Lead Marketing Associates LLC ("D&C") and its wholly-owned subsidiary, Global Edge Marketing LLC, doing business as Adworkz doing business as Adworkz, Inc. ("GEM"). Some of these entities may also occasionally have operated under different names. All of the LLS America Companies were actually or effectively controlled by Nelson, who was or is the sole member of each, with the exception of D&D, which is solely ostensibly owned by Nelson's husband, Dennis Nelson, and D&C, which is ostensibly owned 94% by Dennis Nelson and Nelson's son, Alex Foster. D&D owns the building in

ADVERSARY COMPLAINT - 4

S0336288.DOC



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

8

which the Customer Loan business operates and D&C, GEM and Adworkz, Inc. are involved in generating leads for the Customer Loan business.

## IV.  PONZI SCHEME

9.   In the several years prior to the Petition Filing Date, LLS America and/or the LLS America Companies solicited and received significant sums of money from hundreds of parties, who were called "Lenders", representing that the money would be invested in the Customer Loan business.

10.   The vast majority of the money which Nelson, LLS America or the LLS America Companies paid back to Lenders in relation to their "investments" was from the funds LLS America and/or the LLS America Companies received from subsequent Lenders and not out of operations or profits of the Customer Loan business which LLS America and the LLS America Companies operated.[1] The Customer Loan business was insolvent and did not operate profitably during the time period the fraudulent transfers described herein were made.  A vehicle for funneling money from Lenders into LLS America and/or LLS America Companies was use of promissory notes (described in more detail below).[2]  A significant amount of the funds received from Lenders through the pretext of the

---

[1] Some of the funds, on information and belief, on occasion were used in operation of the Customer Loan business.

[2] Copies of the notes are attached to a significant number of proofs of claim filed with the Court in the LLS America case.

ADVERSARY COMPLAINT - 5

S0336288.DOC

**WK  WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

notes were diverted to Nelson or her family members for personal use or used to subsidize business ventures of her and/or her family. This was a fraudulent arrangement by which the LLS Companies and LLS America made payments to investors (i.e., Lenders) from monies obtain from later investors, while maintaining the guise of a legitimate profit making business, and constituted a Ponzi scheme as defined under applicable law.

11. On March 15, 2010, the Bankruptcy Court approved the appointment of Charles B. Hall as Examiner in the LLS America case. The Examiner expended countless hours reviewing records of LLS America and the LLS America Companies and investigating a broad range of matters as directed by the Court. The Examiner prepared three reports to date which are on file with the Court: a Preliminary Report on May 18, 2010 (Dkt. 182), First Interim Report of Examiner filed on August 12, 2010 (Dkt. 240), and Second Interim Report of Examiner filed on February 28, 2011 (Dkt. 306). In the Second Interim Report, the Examiner concluded as follows:

> A. Neither LLS America nor its affiliates and predecessor Companies were profitable prior to 2009, and the operation of these businesses did not earn any profits from which to pay the interest promised Lenders who loaned money to the companies.
>
> B. The money paid out as interest or loan principal to the Lenders who loaned their money to LLS America and

ADVERSARY COMPLAINT - 6

S0336288.DOC

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

its affiliates and predecessor Companies all came from the funds the Lenders loaned to the Companies.

12. Many of the promissory notes executed in favor of Lenders by LLS America and the LLS America Companies promised returns in the range of 40-60%. Some Lenders to the companies received returns in excess of 100%. However, approximately half of the Lenders to the LLS America and LLS America Companies have not received back from the companies all principal invested, and approximately 50 Lenders have received nothing.

13. The promissory notes executed in favor of many of the Lenders provide that the money received could be used by any of the LLS America Companies and that all of the affiliated LLS America Companies were liable for repayment of the Notes. It was common for Lenders to provide funds to one LLS America Company and for them to receive payment on their investment from a completely different LLS America Company.

V. INVOLVEMENT OF DEFENDANTS IN PONZI SCHEME

14. All of the Defendants were Lenders to LLS America and/or the LLS America Companies and received payments from LLS America and the LLS America Companies under the "loan" or investment arrangement described herein.

ADVERSARY COMPLAINT - 7

S0336288.DOC

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

15.     Within the 90 days prior to the Petition Filing Date, Defendants received approximately $30,000 from LLS America and/or LLS America Companies as payment for an antecedent debt arising from funds previously loaned LLS America and/or LLS America Companies by David Perry and/or Othelia Spare.

16.     Within four years prior to the Petition Filing Date, Defendants received from LLS America and/or the LLS America Companies approximately $220,000, inclusive of the approximately $30,000 referred to in paragraph 15 herein.

17.     On information and belief, each of the Defendants knew, or should have known, that because of, among other things, the exorbitant returns promised to them, there was a scheme whereby the so-called "loans" were being paid with funds received from other Lenders (i.e., that the arrangement was a Ponzi scheme) and could not be derived from operation of the Customer Loan business or any other legitimate profit-making enterprise.

18.     LLS America and/or LLS America Companies received less than a reasonable equivalent value in exchange for the transfers.  The transfers by LLS America and/or LLS America Companies to Defendants were made at a time when LLS America and the LLS America Companies were insolvent, and/or were

ADVERSARY COMPLAINT - 8

S0336288.DOC

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

engaged in a business or a transaction, or were about to engage in a business or a transaction, for which any property remaining at LLS America and LLS America Companies was an unreasonably small capital; and/or intended to incur, or believed that they would incur, debts that would be beyond the ability of LLS America and LLS America Companies to pay as such debts became due or matured.

19.  The transfers to Defendants were made with actual intent to hinder, delay or defraud creditors of LLS America and/or LLS America Companies.

20.  Defendant David Perry has filed Proof of Claim No. 88 in the LLS America bankruptcy.

21.  The Trustee's claims concerning fraudulent transfers, as alleged in more detail below, are brought pursuant to Sections 544 and 548 of the Code, and Chapter 19.40 of the Revised Code of Washington and concerning preferential transfers pursuant to Section 547 of the Code.  The liability of the Defendants concerning the avoided transfers is based on Section 550 of the Code and the preservation of the transfers sought to be avoided arises under Section 551 of the Code.

ADVERSARY COMPLAINT - 9

S0336288.DOC

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

13

11-80293-PCW    Doc 1    Filed 07/19/11    Entered 07/19/11 14:41:34    Pg 9 of 17

# VI.  CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### AVOIDABLE PREFERENCES WITHIN 90 DAYS OF PETITION FILING DATE

22.  Plaintiff reiterates each and every one of the preceding paragraphs with the same force and effect as if set forth at this point verbatim.

23.  Within 90 days of the Petition Filing Date, Defendants were paid approximately $30,000 in two installments of approximately $15,000 each by LLS America and/or LLS America Companies on account of an antecedent debt owed by LLS America and/or LLS America Companies before such payments were made.

24.  Said payments were made, upon information and belief, while LLS America and LLS America Companies were insolvent.

25.  Each of the payments enables the Defendants to receive more than they would receive if the case were a case under Chapter 7; the transfer had not been made; and Defendants received payment of such debt to the extent provided by the provisions of Chapter 7 of the Bankruptcy Code.

26.  Pursuant to Section 547(b) of the Code, each of these payments constitutes an avoidable preference.

ADVERSARY COMPLAINT - 10

S0336288.DOC

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

11-80293-PCW    Doc 1    Filed 07/19/11    Entered 07/19/11 14:41:34    Pg 10 of 17

14

## SECOND CAUSE OF ACTION

## FRAUDULENT TRANSFERS MADE WITHIN FOUR YEARS OF PETITION FILING DATE
## ACTUAL AND CONSTRUCTIVE FRAUD

27. Plaintiff reiterates each and every one of the preceding paragraphs with the same force and effect as if set forth at this point verbatim.

28. Plaintiff Trustee did not learn of the fraudulent transfers by Defendants, nor could he reasonably have learned of the same, any sooner than the date of his appointment on April 21, 2011.

29. LLS America and/or LLS America Companies, on information and belief, were insolvent at the time of each of the transfers, as that term is defined in RCW 19.40.021

30. Within four years prior to the Petition Filing Date, Defendants received transfers from LLS America and/or LLS America Companies.

30.1 Each of the transfers to Defendants, on information and belief, were made by LLS America and/or LLS America Companies with actual intent to hinder, delay or defraud creditors of LLS America and/or LLS America Companies. The facts regarding the fraudulent arrangement described above herein which constitute a Ponzi scheme evinces and establishes such actual intent; and/or

ADVERSARY COMPLAINT - 11

S0336288.DOC

**WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100 Phone: 509.624.5265
Spokane, Washington 99201-0300 Fax: 509.458.2728

30.2  As to such transfers, LLS America received less than a reasonably equivalent value in exchange for the transfers and was insolvent on the date such transfers were made or became insolvent as a result of said transfers; and/or were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with them was an unreasonably small capital; and/or intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured.

31.  Plaintiff Trustee is entitled to recover, for the benefit of the bankruptcy estate, said fraudulent transfers, pursuant to the provisions of Section 548(a) and/or (b) of the Code (as to transfers within two years of the Petition Filing Date) and RCW 19.40.041(1) and/or (2).

32.  The amount concerning which recovery is sought as to the Defendants pursuant to this Second Cause of Action is not less than approximately: $220,000.

## THIRD CAUSE OF ACTION

## DISALLOWANCE OF CLAIM

33.  Plaintiff reiterates each and every one of the preceding paragraphs with the same force and effect as if set forth at this point verbatim.

ADVERSARY COMPLAINT - 12

S0336288.DOC

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

11-80293-PCW   Doc 1   Filed 07/19/11   Entered 07/19/11 14:41:34   Pg 12 of 17

16

34. Defendant David Perry has filed a proof of claim in this matter under Claim No. 88.

35. The proof of claim has not yet been determined.

36. Said claim should not be allowed pursuant to Section 502(D) of the Code because Defendant David Perry is the transferee of transfers of property of LLS America and/or LLS America Companies which are avoidable and recoverable under Sections 544, 548 or 550 of the Code and RCW Chapter 19.40 as set forth above, and said Defendant has not returned such avoidable transfers to the Trustee.

37. As a result of the foregoing, the Trustee is entitled to an order disallowing the claim of the Defendant David Perry.

## FOURTH CAUSE OF ACTION

## EQUITABLE SUBORDINATION

38. Plaintiff reiterates each and every one of the preceding paragraphs with the same force and effect as if set forth at this point verbatim.

39. The Court should exercise the full extent of its equitable powers to ensure that claims, payments or benefits, of whatever kind or nature, which are asserted or sought by the Defendants, directly or indirectly against the bankruptcy

ADVERSARY COMPLAINT - 13

S0336288.DOC

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

estate, and only to the extent such claims are allowed, are subordinated for distribution purposes pursuant to Sections 510(c)(1) and 105(a) of the Code.

40.    Equitable subordination as requested herein is consistent with the provisions and purposes of the Code.

## FIFTH CAUSE OF ACTION

## UNJUST ENRICHMENT AND RESTITUTION

41.    Plaintiff reiterates each and every one of the preceding paragraphs with the same force and effect as if set forth at this point verbatim.

42.    The payment by LLS America and/or LLS America Companies of the transfers described herein was made at a time when said companies were insolvent, undercapitalized, or in the zone of insolvency. Under such circumstances, retention of the transfers would constitute unjust enrichment and Plaintiff and the LLS America estate are entitled to restitution of the full amount of said transfers as to each Defendant, plus interest.

## V. AMENDMENT

43.    Plaintiff reserve the right to amend this complaint as further information or evidence becomes available through discovery or otherwise.

WHEREFORE, Plaintiff Trustee respectfully requests that this Court enter judgment in favor of the Plaintiff Trustee and against Defendants, as follows:

ADVERSARY COMPLAINT - 14

S0336288.DOC

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

(i) On the First Cause of Action against the Defendants, pursuant to Section 547(b) of the Code: (a) avoiding and preserving the preferential transfers made to Defendants within 90 days of the Petition Filing Date and (b) directing that these transfers be set aside; and (c) recovering these transfers, or the value thereof, from the Defendants for the benefit of the estate of LLS America.

(ii) On the Second Cause of Action against the Defendants, pursuant to Sections 548(a) and/or (b) (as to transfers made within four years of the Petition Filing Date), 550 and 551 of the Code (as applicable) and RCW 19.40.041(1) and/or (2): (a) avoiding and preserving the fraudulent transfers made to the Defendants within four years prior to the Petition Filing Date; (b) directing that these transfers be set aside; and (c) recovering these transfers, or the value thereof, from the Defendants for the benefit of the estate of LLS America;

(iii) On the Third Cause of Action against Defendant David Perry, that the claim of Defendant David Perry be disallowed pursuant to Section 502(d) of the Code unless and until the preferential transfers and fraudulent transfers described herein are returned;

(iv) On the Fourth Cause of Action against the Defendants, for subordination of all proofs of claim of the Defendants which have been filed or brought or which may hereafter be filed or brought by, on behalf of, or for the

ADVERSARY COMPLAINT - 15

S0336288.DOC

**WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

benefit of the Defendants or their affiliated entities, against the Debtor's estate, in this bankruptcy or related bankruptcy proceedings, pursuant to Sections 510(c)(1) and 105(a) of the Code;

(v)   On the Fifth Cause of Action against the Defendants, as to all transfers to Defendants, recovery of these transfers, or the value thereof, from the Defendants for the benefit of the estate;

(vi)  On all claims for relief, pursuant to Federal Common Law and RCW Chapter 19.40, awarding the Plaintiff Trustee pre-judgment interest from the date on which the fraudulent and/or preferential transfers described herein were received;

(vii) On all claims for relief, establishment of a constructive trust over the proceeds of all transfers in favor of the Trustee for the benefit of the estate of LLS America;

(viii) Awarding Plaintiff Trustee all applicable interest, costs and disbursements of this action;

(ix)  Awarding reasonable attorneys' fees; and

ADVERSARY COMPLAINT - 16

S0336288.DOC

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

(x)   Granting the Trustee such other, further and different relief as the Court deems just, proper and equitable in the premises.

DATED this 15th day of July, 2011.

WITHERSPOON KELLEY

By:   *s/ Shelley N. Ripley*
Duane M. Swinton, WSBA No. 8354
Michael D. Currin, WSBA No. 14603
Shelley N. Ripley, WSBA No. 28901
Daniel J. Gibbons, WSBA No. 33036
Attorneys for Plaintiff

ADVERSARY COMPLAINT - 17

S0336288.DOC

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728